Thomas F. Carey as agent of the Columbia Insurance Company wrote seven insurance policies, the net premiums on which, $1,282.11, were collected, after his death, by his brother and turned over to the defendant, administrator of Thomas F. Carey. The bill is to impress a trust and to recover the money. The matter was referred to Master Lynch whose report sustains the prayer of the bill.
The brother of the deceased collected also other insurance premiums earned on policies in other companies of which the deceased was agent. He collected in all $5,990.30 and turned it over to the administrator. This the administrator admits and the proof is that the premiums here involved were part. As he collected, he deposited the money to his personal credit in banks and paid it over from time to time, *Page 144 
in three checks, to the administrator, in the meanwhile using some and replacing it.
The exceptant, administrator, argues that the exact money collected must be traced into the deposits and out of the depositories to the administrator to entitle the complainant to recover. That is not correct. The fund, not the money, need be traced. The premiums, trust funds, were traced to the deposits. Their appropriation by the brother who later restored them may have been a breach of the trust, but that is now an irrelevancy. The fund was intact and charged with the trust when it came to the hands of the administrator. Central Union Bank v.Connecticut Mutual Life Insurance Co., 104 U.S. 54; Jeffray v.Towar, 63 N.J. Eq. 530.
The defendant raises the objection that the bill charges that the deceased collected the premiums while the proofs show his brother collected them after his death. The variance is immaterial. The gravamen of the bill is that the administrator has trust funds belonging to the complainant. That it got them directly from the brother or indirectly from the deceased is of no importance.
The exceptions are overruled.